ATTORNEY GENERAL LOVING HAS ASKED ME TO RESPOND TO YOUR REQUEST FOR AN INFORMAL OPINION ON THE LEGALITY OF ELECTED OFFICIALS APPEARING IN TELEVISION COMMERCIALS PAID FOR WITH STATE MONEY. YOUR QUESTION REFERS TO LEGISLATORS APPEARING ON TELEVISION TO ADVOCATE THE USE OF A STATUTORILY ESTABLISHED STATE HEALTH PROGRAM. WHILE YOU MENTION A CONCERN ABOUT THE AUTHORS OF BILLS PROMOTING THEIR AGENDA, THE SITUATION YOU DESCRIBE DOES NOT INVOLVE, NOR DOES THIS LETTER ADDRESS, PROMOTION OF PENDING LEGISLATION.
YOUR REQUEST ALLUDES TO COMMERCIALS PROMOTING THE STATE'S BASIC HEALTH BENEFITS PLAN AND INDICATES THAT THE STATE IS PAYING $78,000.00 FOR THOSE TELEVISION COMMERCIALS. I HAVE TALKED WITH DAVID PARSONS, EXECUTIVE DIRECTOR OF THE BASIC HEALTH BENEFITS BOARD, WHO INFORMS ME THAT THE AMOUNTS OF $57,270.00 AND $20,647.00 ON THE INVITATION TO BID WHICH YOU SUBMITTED TO THIS OFFICE REPRESENT THE ENTIRE ADVERTISING BUDGET FOR PROMOTING THE BASIC HEALTH BENEFITS PLAN, INCLUDING TELEVISION, RADIO, PRINT MEDIA, PUBLIC RELATIONS, ETC. ACCORDING TO MR. PARSONS, THE MAJORITY OF THE TELEVISION SPOTS WHICH WERE RUN WERE FREE PUBLIC SERVICE ANNOUNCEMENTS; ABOUT FOURTEEN PER CENT OF THE COMMERCIALS WERE PAID, BUT AT THE LOWER PUBLIC SERVICE RATE. THE SENATORS WHO APPEARED ON THOSE SPOTS RECEIVED NO COMPENSATION. THUS, THERE IS A QUESTION OF FACT AS TO WHETHER THE PARTICULAR COMMERCIALS TO WHICH YOU REFER WERE PAID FOR WITH STATE MONEY, A QUESTION WHICH CANNOT BE ANSWERED BY THIS OPINION.
ONE OF THE DUTIES OF THE BASIC HEALTH BENEFITS BOARD IS TO "(C)ONDUCT A PROMOTION CAMPAIGN TO ACQUAINT EMPLOYERS AND EMPLOYEES WITH THE PLAN AND ENCOURAGE THEIR PARTICIPATION." 36 O.S. 6505(A)(4) (1991). ONE OF THE PURPOSES OF THE BASIC HEALTH BENEFITS ACT IS TO "(E)NCOURAGE EMPLOYERS TO OFFER AND SHARE IN THE COST OF BASIC MEDICAL CARE BENEFITS." 36 O.S. 6502(3). THE STATUTE DOES NOT SPECIFY HOW THESE DUTIES ARE TO BE CARRIED OUT. THE PHRASE "PROMOTION CAMPAIGN" IS BROAD ENOUGH TO INCLUDE THE USE OF VARIOUS MEDIA.
THE QUESTION OF WHETHER THE APPEARANCE OF PARTICULAR OFFICIALS ON TELEVISION COMMERCIALS CREATES AN UNFAIR ADVANTAGE TO PROSPECTIVE CHALLENGERS IS A QUESTION OF FACT BEYOND THE SCOPE OF AN ATTORNEY GENERAL'S OPINION. THIS IS AN ISSUE WHICH IS MORE APPROPRIATE FOR REVIEW BY THE STATE ETHICS COMMISSION.
(GA ABSTON TUDOR)